By the Court.—Sedgwick, J.
The complaint stated that one Whelan executed and delivered, for consideration, to the plaintiff, a mortgage upon certain chattels of Whelan. By the mortgage annexed to the complaint, it appeared to be in the usual form of a bill of sale, upon condition that on payment of a certain sum on demand it should be void. The mortgagor covenanted that in case of default in payment of the money, the plaintiff might take possession of the chattels and sell the same, with the further covenant, that until default be made in the payment of the money the mortgagor was to remain and continue in the quiet and peaceable possession of the chattels.
*224 The complaint further averred that payment of the money was demanded by the plaintiff of the mortgagor, “and thereupon, pursuant to said mortgage, the plaintiff was entitled to the immediate possession and control of the property so mortgaged, and became the owner thereof, and thereupon took the same into his possession, and, while the plaintiff was lawfully possessed,” &c., the defendant wrongfully “ took and converted the same to his own use.”
The defendants sustained their demurrer by the proposition that the terms of the mortgage provided that the mortgagor should remain in possession, until default of payment, after demand, and although the complaint stated a demand, it did not state that there had been any omission or refusal to pay.
Since the pleader seemed to have brought his action on the case, it would have been better to have alleged the default specifically, but I am of opinion that the complaint, without it, should have been, as it was, sustained. The complaint stated that the plaintiff was the owner of the property. It was unnecessary to state in what manner he became owner, because, as to the ultimate fact of ownership, the manner was matter of evidence. It did not contradict that averment to allege that it was pursuant to- the mortgage—for in effect that was a bill of sale to the plaintiff—nor to allege that a demand was made. If it were an essential part of the title, that there had been a default, the omission to plead it did not create a presumption that it had not occurred when the fact of ownership was alleged.
Judgment should be affirmed, with costs.
Curtis, Ch. J., concurred.